THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

RLP VENTURES LLC.                          )
                                           )
                          Plaintiff,       )
                                           )
          v.                               )
                                           )   Civ. No. 1:18-cv-03988-RWS
ALL HANDS INSTRUCTION NFP                  )
                                           )
                          Defendant,       )
                                           )
_____

**DEFENDANT ALL HANDS INSTRUCTION'S OPPOSITION TO**
**<u>PLAINTIFF RLP VENTURES LLC'S MOTION TO STAY</u>**

**<u>TABLE OF CONTENTS</u>**

I.     INTRODUCTION ................................................................................................. 1

II.    FACTS ................................................................................................................. 2

III.   A STAY WOULD PREJUDICE ALL HANDS ................................................... 2

     A.    A Stay Pending a TTAB Proceeding Is Inappropriate When a Plaintiff Claims Infringement in District Court ................................................. 3

     B.    A Stay of This Case Would Not Simplify or Resolve Issues ................................. 4

          1.    The TTAB Proceeding Will Not Simplify This Case ................................. 4

          2.    Delay Would be Prejudicial to All Hands ................................................. 6

IV.   PLAINTIFF HAS FAILED TO RESPOND IN ANY MEANINGFUL WAY TO ALL HANDS' MOTION TO DISMISS: ALL HANDS RENEWS ITS REQUEST FOR THE RELIEF CONTAINED THEREIN ................................................. 9

V.    CONCLUSION ................................................................................................... 10

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Beasley v. Howard*,
No. 92066369, 2018 WL 529919 (T.T.A.B. Jan. 19, 2018) ......................................................4

*Brown v. Despaigne*,
203 F.R.D. 114 (S.D.N.Y. 2001) .....................................................................................9, 10

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ...............................................................................................................5

*Christian Fellowship Church v. Adidas AG*,
841 F.3d 986 (Fed. Cir. 2016) ................................................................................................5

*Goya Foods, Inc. v. Tropicana Prods., Inc.*,
846 F.2d 848 (2d Cir. 1988).........................................................................................3, 6, 8

*Great Treats, Inc. v. Bigger Than Bill, Inc.*,
No. 91231322, 2017 WL 4945262 (T.T.A.B. Oct. 27, 2017).................................................5

*Jack Wolfskin v. New Millennium Sports, S.L.U.*,
797 F.3d 1363 (Fed. Cir. 2015)..............................................................................................6

*Jet, Inc. v. Sewage Aeration Sys.*,
223 F.3d 1360 (Fed. Cir. 2000)..............................................................................................4

*Prestige Jewelry Int'l, Inc. v. BK Jewellery HK*,
No. 11 CIV. 2930 LBS, 2012 WL 2899077 (S.D.N.Y. July 16, 2012) ...................................8

*RLP Ventures, LLC v. Focus Approach, LLC*,
2017 WL 4054467 (TTAB Sept. 8, 2017) ...............................................................................5

*Robbins v. H.H. Brown Shoe Co.*,
No. 08 CIV. 6885 (WHP), 2009 WL 2170174 (S.D.N.Y. June 30, 2009) ..............................8

*Skyline Steel, LLC v. PilePro*,
LLC, No. 13-CV-8171 JMF, 2015 WL 556545 (S.D.N.Y. Feb. 9, 2015)................................7

*Tyco Fire Prods. LP v. Victaulic Co.*,
No. CIV.A. 10-4645, 2011 WL 4632689 (E.D. Pa. Oct. 4, 2011)...........................................8

*Xerox Corp. v. 3Com Corp.*,
69 F. Supp. 2d 404 (W.D.N.Y. 1999) .....................................................................................7

Defendant All Hands Instruction NFP ("All Hands"), by and through its attorneys, hereby opposes Plaintiff RLP Ventures LLC's ("Plaintiff") Motion to Stay this Action ("Motion to Stay").

## I.    INTRODUCTION

All Hands, a small, Chicago-area educational nonprofit, has had to defend itself—at significant cost—against Plaintiff's baseless challenges to its federal trademark registration, U.S. Reg. No. 4,770,195 for MOSAYEC (the "MOSAYEC Registration"), for nearly three years.  After the Trademark Trial and Appeal Board ("TTAB") finally dismissed those challenges and denied Plaintiff's December 2015 cancellation petition on its merits in March 2018, Plaintiff filed this case (the "Action") seeking in part to appeal that decision.  All Hands moved to dismiss, or in the alternative transfer the Action on July 30, 2018, and before answering or responding to that motion, Plaintiff elected to file yet another cancellation proceeding against the MOSAYEC Registration with the TTAB on September 11, 2018.  Plaintiff's motion to stay followed.  All Hands will address Plaintiff's latest filing in the TTAB at the appropriate time.  But it should not have to do so while this deficiently-pled action remains, and while All Hands' motion to dismiss remains pending and unaddressed.  This action should be dismissed and any surviving claims transferred so that they can be finally resolved, not stayed.

Indeed, Plaintiffs have not responded to or addressed any of the deficiencies set forth in All Hands' motion to dismiss or transfer this action: that (i) this Court lacks personal jurisdiction over All Hands, (ii) venue is improper, and, (iii) Plaintiff's pleadings lack sufficient factual allegations to support its claims of bad faith (required for common law unfair competition) or willful conduct.  Apparently unable or unwilling to rebut the substance of All Hands' Motion, Plaintiff left the Motion unopposed.  Instead, on the day its opposition was due—and after All Hands agreed to Plaintiff's request for an additional 30 days to respond—Plaintiff filed the present Motion to Stay, having filed a second cancellation proceeding at the TTAB late the night before.

However, contrary to Plaintiff's arguments, the TTAB proceeding will not simplify the issues and a delay would prejudice All Hands.  Accordingly, Plaintiff's Motion to Stay should be denied.

## II.      FACTS

On December 28, 2015, Plaintiff filed a petition to cancel the MOSAYEC Registration. D.I. 1 ¶ 30.  Over two years later, and after Plaintiff had taken discovery of All Hands, on March 5, 2018 the TTAB denied Plaintiff's petition for cancellation on its merits, finding that there was no likelihood of confusion between Plaintiff's and All Hands' respective marks for their respective services.  *Id.* at Ex. L.  Plaintiff then filed the complaint in the present Action, claiming federal and state common law trademark infringement and unfair competition and again seeking cancellation of the MOSAYEC Registration.  *Id.*  ¶¶ 35-55; Prayer for Relief B.

On July 30, 2018, All Hands moved to dismiss this action for lack of personal jurisdiction, improper venue, and failure to state a claim.  D.I. 12.  Plaintiff filed an unopposed letter motion for an extension of time to respond to All Hands' motion to dismiss, which this Court granted. D.I. 16, 18.  Then, on September 12, 2018, the day Plaintiff's opposition was due, Plaintiff failed to respond, and filed the present Motion to Stay this Action in light of its second TTAB proceeding, which it had filed the night before.  *See* D.I. 13.

## III.     A STAY WOULD PREJUDICE ALL HANDS

Plaintiff's Motion to Stay its own Action should be denied.  First, under Second Circuit law, it is inappropriate to stay a case pending a TTAB proceeding when issues of trademark infringement are asserted in the District Court.  Second, a stay in this case would be prejudicial to All Hands and would not simplify any of the issues before this court.  Plaintiff has been unsuccessfully challenging All Hands' MOSAYEC registration for nearly three years in multiple forums, and to stay this action would only reward Plaintiff's continued harassment.  This case

should be dismissed, and any claims that survive should be transferred to Illinois so that they may be finally resolved.

> **A.     A Stay Pending a TTAB Proceeding Is Inappropriate When a Plaintiff Claims Infringement in District Court**

Second Circuit law is clear: a motion to stay a federal court action pending a TTAB proceeding should be denied when claims concerning the infringement of that mark are at issue in the district court.  *Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 853 (2d Cir. 1988). "[W]here, as in the pending case, a district court suit concerns infringement, the interest in prompt adjudication far outweighs the value of having the views of the PTO. . . . [A litigant] is entitled to have the infringement issue resolved promptly so that it may conduct its business affairs in accordance with the court's determination of its rights." *Id.*

Here, Plaintiff has asserted four claims, all related to alleged trademark infringement: federal trademark infringement, state common law trademark infringement, federal unfair competition, and state common law unfair competition.  D.I. 1 ¶¶ 35-55.  The nucleus of facts of all asserted claims is identical, and all relate to All Hands' alleged infringement.  *See id.*

The registration issues asserted in the TTAB action and the infringement claims asserted in this Action present different issues requiring different evidence to prove and one proceeding (the TTAB) will not resolve issues in the other (this District Court matter).  *See Goya*, 846 F.2d at 854 ("But the outcome of the PTO registration proceeding would not affect the legal standard applied in the infringement claim or the scope of the required fact-finding.").  Thus, as in *Goya*, All Hands' interest in a prompt and final adjudication of these infringement issues compels a denial of Plaintiff's motion.  *See id.* at 853 (stating that when infringement is at issue, "the benefits of awaiting the decision of the PTO would rarely, if ever, be outweighed by the litigants' need for a prompt adjudication.").

**B.     A Stay of This Case Would Not Simplify or Resolve Issues**

In addition to a stay being inappropriate for trademark infringement cases such as this one, the specific facts of this case weigh against a stay.  The result of the TTAB proceeding will not aid this Court in adjudicating the relevant issues, and, delay from staying this action would prejudice All Hands, which has been forced to defend against Plaintiff's repeated meritless attacks.

**1.     The TTAB Proceeding Will Not Simplify This Case**

Because the TTAB proceeding will not simplify the issues in this case, there is no reason to delay this action further.  As an initial matter, the TTAB proceeding itself is baseless.  And, as it is based on the same set of facts as Plaintiff's original TTAB proceeding, it is indeed barred by *res judicata*.

The TTAB bars subsequent cancellation proceedings under claim preclusion when: "(1) there is an identity of parties, (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first."  *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000); *see also Beasley v. Howard*, No. 92066369, 2018 WL 529919, at *4 (T.T.A.B. Jan. 19, 2018).  Here, the parties are identical— RLP Ventures and All Hands, Inc.—and the prior cancellation proceeding was decided on its merits.  And, both cancellation proceedings constitute the same "set of transactional facts": whether All Hands has the right to maintain the MOSAYEC Registration.  *See Beasley*, 2018 WL 529919, at *5 (holding a second petition alleging likelihood of confusion barred based on a first petition alleging fraud).

Moreover, although Plaintiff purports to have brought its new TTAB challenge on two legal grounds, "lack of use in interstate commerce and abandonment,"  D.I. 20-2, 3, neither has merit.  In fact, "the lack of use in **interstate** commerce" is not a proper ground for cancellation. *Id*. (emphasis added).  "The statutory requirement is for use of a mark 'in commerce,' not interstate

commerce." *Great Treats, Inc. v. Bigger Than Bill, Inc.*, No. 91231322, 2017 WL 4945262, at *5 (T.T.A.B. Oct. 27, 2017) (finding a fraud claim insufficiently pleaded when it was based on Applicant's alleged false declaration that "it was using the mark in 'interstate commerce'")[1]. Thus, Plaintiff's challenge on this ground is a nonstarter.

In seeking a stay of this case based on purported overlap with the TTAB cancellation proceedings, Plaintiff improperly conflates the standard for establishing personal jurisdiction in New York with the "use in commerce" standard for trademark registration. *See generally* D.I. 20, D.I. 20-4 (challenging trademark validity based on All Hands' statements that personal jurisdiction in New York was improper). But despite using similar words, the standards themselves are actually quite different. As detailed in All Hands' Motion, personal jurisdiction in this Court requires, among other things, that "the defendant purposefully avails itself of the privilege of conducting activities within" New York. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). On the other hand, "use in commerce" for registration purposes merely requires a transaction that "in the aggregate, would cause a substantial effect on interstate commerce." *Christian Fellowship Church v. Adidas AG*, 841 F.3d 986, 993 (Fed. Cir. 2016). Indeed, All Hands need not even show that "services be rendered in more than one state to satisfy the use in commerce requirement," and certainly does not need to show that services be rendered in New York specifically. *See id.* at 995.

---

[1] In fact, Plaintiff should know that this argument is meritless, as this is not the first time it has asserted this argument at the TTAB—and lost. *See RLP Ventures, LLC v. Focus Approach, LLC*, 2017 WL 4054467, at *4-5 (TTAB Sept. 8, 2017) (denying this Plaintiff's motion to amend its cancellation notice to add a claim of fraud based on an alleged misrepresentation that the Applicant's mark was used in interstate commerce, and holding that "[t]he 'use in commerce' requirement does not require as a prerequisite to registration that an applicant's services be rendered in more than one state.").

Plaintiff's abandonment claim is similarly unfounded.  Abandonment requires that "use of the mark has been 'discontinued with intent not to resume.'"  *Jack Wolfskin v. New Millennium Sports, S.L.U.*, 797 F.3d 1363, 1367 (Fed. Cir. 2015) (quoting 15 U.S.C. § 1127).  All Hands has neither fully discontinued use of nor had any intent not to resume use of its mark.  Indeed, Plaintiff incorrectly contends that "[All Hands] has not used the Registered Mark in several years" based on statements in All Hands' motion to dismiss noting that its website currently is inactive.  D.I. 20-4 at 6.  However, this ignores statements made in the very same declaration that "All Hands *currently* maintains a Facebook page for the MOSAYEC platform."  D.I. 14. ¶ 21 (emphasis added).  In fact, it intends to reactivate its MOSAYEC web platform as well.  Declaration of Jerome Green in Support of Opposition to Motion to Stay ("Green Decl."), ¶ 12.  All Hands consistently has used its MOSAYEC mark in connection with its services and intends to continue that use.  *Id*. ¶¶ 4-11.  As neither basis for Plaintiff's newly-filed cancellation proceeding has merit, the proceeding will have no effect on the issues in this case.

Ultimately, resolution of the TTAB proceeding will not resolve or simplify the disputes in this action.  As explained above (Section III(A), *supra*), Plaintiff's four claims asserted here relate to infringement of Plaintiff's own trademark and will persist regardless of the outcome of the TTAB cancellation proceedings directed to the continued registration of All Hands' MOSAYEC mark.  *See Goya*, 846 F.2d at 854.  Indeed, this case is presently before this court only because of Plaintiff's previous, unsuccessful attempt to cancel the MOSAYEC Registration with the TTAB. Plaintiff's actions and pattern of filings make clear that there is no judicial economy to be gained from delaying this case for the resolution of Plaintiff's newest, meritless TTAB proceeding.

### 2.    Delay Would be Prejudicial to All Hands

Moreover, a stay would cause substantial ongoing prejudice to All Hands, which already has suffered prejudice to its business because of Plaintiff's repeated attacks.  Plaintiff's present

motion is merely a tactic intended to avoid--or at least delay--dismissal or transfer of this Action after being faced with the inadequacies of its pleadings.  All Hands has been and continues to be harmed by Plaintiff's harassment, and any further delay would only serve to reward Plaintiff's abusive behavior and continue to interfere with All Hands' operations.  Green Decl. ¶ 13

Indeed, Plaintiff's Motion to Stay is nothing more than an attempt to avoid the need to prepare a substantive response to All Hands' motion to dismiss.  As Plaintiff noted in its Motion, courts consider "whether a stay would unduly prejudice or present a ***clear tactical disadvantage to the non-moving party***."  *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (emphasis added).  A stay would present such tactical disadvantage to All Hands by enabling Plaintiff to continue its string of actions without having to answer the motion to dismiss or address the deficiencies in its complaint.  Plaintiff commenced its first cancelation proceeding nearly three years ago in December 2015.  *See* D.I. 15-1, 6; D.I. 1, ¶ 30.  After the TTAB found in favor of All Hands, Plaintiff filed the present suit in an attempt to pressure All Hands into giving up its legitimate trademark rights.  Now, faced with All Hands' Motion, which lays bare the fatal deficiencies in this suit, Plaintiff has filed a ***second*** cancellation proceeding and has moved to stay the very action ***Plaintiff itself filed***.

Even more troubling, Plaintiff chose to do so on the ***very last day*** that its opposition was due by this Court's order, and after Plaintiff requested and All Hands agreed to a 30-day extension of time to file its response.  *See* D.I. 16, 18.  By doing so, Plaintiff gained the ability to see All Hands' arguments and delay disposition in this Court, while preparing and filing a second (still meritless) TTAB petition.  At bottom, Plaintiff's Motion to Stay is "plainly tactically motivated" to achieve delay, weighing strongly against a stay.  *Skyline Steel, LLC v. PilePro*, LLC, No. 13-CV-8171 JMF, 2015 WL 556545, at *2 (S.D.N.Y. Feb. 9, 2015) ("the timing and nature of [the

movant's] PTO application make plain that it is little more than a bald-faced attempt to circumvent this Court's unfavorable ruling") (citing *Tyco Fire Prods. LP v. Victaulic Co.*, No. CIV.A. 10-4645, 2011 WL 4632689, at *4 (E.D. Pa. Oct. 4, 2011)).   Such "timing and advantage of first seeing Defendant's [arguments]" and subsequently filing a cancellation proceeding based on Defendant's arguments in this Court should "raise some alarm bells that Plaintiff's . . . proceedings are a litigation gambit." *Tyco Fire Prods.*, 2011 WL 4632689, at *4 (Plaintiff's filing for reissues based on the defendant's proposed claim construction on the same day the parties exchanged claim construction contentions shows a clear tactical motivation).  Based on Plaintiff's failure to respond to All Hands' motion and subsequent request for a stay, it is not clear that Plaintiff even intends on litigating its case here.

Moreover, delaying consideration of All Hands' pending Motion forces All Hands "either to abandon use of trademarks it has used [] or to 'persist in piling up potential damages.'"  *Goya*, 846 F.2d at 854.  Further delay is unwarranted.  In fact, "courts in this circuit have regularly found prejudice where a reexamination would prolong the litigation."  *Prestige Jewelry Int'l, Inc. v. BK Jewellery HK*, No. 11 CIV. 2930 LBS, 2012 WL 2899077, at *3 (S.D.N.Y. July 16, 2012) (citing cases); *see also Robbins v. H.H. Brown Shoe Co.*, No. 08 CIV. 6885 (WHP), 2009 WL 2170174, at *1 (S.D.N.Y. June 30, 2009) (noting nonmoving party maybe unduly prejudiced by the lapse of time during reexamination) (citing *Alltech, Inc. v. Cenzone Tech, Inc.*, No. 06 CV 0153 JM (RBB), 2007 WL 935516, at *2 (S.D. Cal. Mar. 21, 2007)).   As evidenced by Plaintiff's original cancellation proceeding—in which it took more than two years for the TTAB to issue its decision, and based on which Plaintiff filed the present action that "follows [the] cancellation proceeding,"—resolution of TTAB cancellation proceedings can be lengthy.  A stay would further

expose All Hands to Plaintiff's harassment and interfere with All Hands' use of its trademark for a prolonged period time.  A stay should not be granted.

## IV.   PLAINTIFF HAS FAILED TO RESPOND IN ANY MEANINGFUL WAY TO ALL HANDS' MOTION TO DISMISS: ALL HANDS RENEWS ITS REQUEST FOR THE RELIEF CONTAINED THEREIN

After Plaintiff requested and All Hands agreed to a 30-day extension of time to file its Opposition to All Hand's Motion, Plaintiff failed to respond whatsoever in any meaningful way, instead filing yet another cancellation proceeding and asking this Court to stay the Action *that Plaintiff itself filed only months earlier*.  Even though Plaintiff supposedly filed its Motion to Stay "partially as a response" to All Hands Motion (Motion to Stay, 1), Plaintiff made no attempt to substantively rebut *any* of All Hand's arguments.  Indeed it cannot.  Particularly, the Complaint is facially deficient, as laid out in All Hands' Motion, because it alleges no facts supporting any assertion that All Hands adopted its mark in bad faith or with willfulness.  This deficiency is especially egregious because Plaintiff took extensive discovery in its first TTAB cancellation proceeding, and had ample opportunities to develop its record.  *See* D.I. 1-3, 3-4 (list of testimony and evidence, including discovery deposition of Jerome Green).  This means that Plaintiff's common law unfair competition claim (Count IV), which requires an allegation of bad faith, and the willfulness claims in federal trademark infringement, federal unfair competition, or common law trademark infringement (Counts I-III) are defective.  Plaintiff should not be allowed to amend its Complaint because it cannot plead facts that would establish that All Hands acted in bad faith or with willfulness.  If it could have, it has had ample opportunity to have done so.

Moreover, simply *asking* this Court for a stay does not automatically stay the instant proceeding—Plaintiff was required to respond to All Hands' motion to dismiss, and failed to do so.  *See Brown v. Despaigne*, 203 F.R.D. 114, 115 (S.D.N.Y. 2001) (dismissing a case with prejudice on the grounds that a *pro se* plaintiff failed to respond to defendants' motion to dismiss

9

by date ordered by the court).  "Dismissal of an action can be appropriate when a party, even a pro se litigant, has failed to comply with court orders."  *Id.*  As demonstrated by Plaintiff's second TTAB cancellation proceeding, its filing of this Action, and numerous other TTAB proceedings related to Plaintiff's trademark, Plaintiff has ample means to prosecute this case.  *See* D.I. 13, 20-21; D.I. 15-1 (Post Decl., Ex. A).  Plaintiff fails to cite to a single fact or authority for why it could not both respond to All Hands' motion to dismiss by the appropriate deadline and file its own motion to stay.  Because Plaintiff has filed no opposition to All Hands' motion to dismiss, All Hands respectfully requests that the Court rule on that motion to dismiss or transfer on the papers as submitted, and renews its request for relief as contained therein.

## V.        CONCLUSION

Based on Plaintiff's motion, it appears that--after filing a deficient complaint in this venue --it now would prefer to litigate in the TTAB, and drag this dispute out for several more years.  But for the foregoing reasons, a stay would not be appropriate.  At this stage, given the long history of litigation, the parties need finality and resolution of these claims.  All Hands respectfully requests that the Court deny Plaintiff's motion to stay.  All Hands also respectfully request that the Court dismiss this case, or in the alternative, transfer this case to the Northern District of Illinois.  If this case is not dismissed or transferred, All Hands respectfully submits that Plaintiffs' claims of common law unfair competition (Count IV) and willfulness as to Counts I-III should be dismissed with prejudice.

Dated:  September 26, 2018


/s/ *Kevin J. Post*

Kevin J. Post
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000
*Attorneys for Defendant*
*All Hands Instruction NFP*

11