THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RLP VENTURES LLC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) Civ. No. 1:18-cv-03988 <br> ALL HANDS INSTRUCTION NFP ) <br> ) <br> Defendant, ) <br> ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
TO STAY THIS ACTION IN VIEW OF A NEWLY FILED
CANCELLATION PROCEEDING BEFORE THE
<u>TRADEMARK TRIAL AND APPEAL BOARD</u>**

# TABLE OF CONTENTS

|      |                                            | Page |
|------|--------------------------------------------|------|
| I.   | NATURE AND STAGE OF THE PROCEEDINGS......................................................1 |
| II.  | BACKGROUND....................................................................................................1 |
| III. | ARGUMENT..........................................................................................................3 |
|      | A. UNDUE PREJUDICE AND TACTICAL DISADVANTAGE....................4 |
|      | B. SIMPLIFYING ISSUES AND TRIAL..........................................................5 |
|      | C. STATUS OF DISCOVERY AND TRIAL DATE..........................................6 |
| IV.  | DISMISSAL WITHOUT PREJUDICE.................................................................6 |
| V.   | CONCLUSION......................................................................................................7 |

# TABLE OF AUTHORITIES

Page(s)

***B & B Hardware Inc., v. Hargis Industries***, 135 S. Ct. 1293 (2015)……...………….5

***Gould v. Control Laser Corp.***, 705 F.2d 1340, 1341 (Fed. Cir. 1983)………………..3

**Interface, Inc. v. Tandus Flooring, Inc.**, 4:13-CV-46-WSD, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013), reconsideration denied, 2014 WL 273446 (Jan. 22, 2014)…………3

***Softview Computer Products Corp. v. Haworth, Inc.***, 97 CIV. 8815 KMW HBP, 2000 WL 1134471, at *2 (S.D.N.Y. Aug. 10, 2000)……………………………………….3

**Xerox Corp. v. 3Com Corp.**, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)…………….3

# I. NATURE & STAGE OF THE PROCEEDINGS

On May 4, 2018, Plaintiff RLP Ventures LLC ("**RLP Ventures**") filed a complaint in this action seeking damages for federal and state causes of action for trademark infringement and unfair competition, and the cancellation of federal registration for the service mark of Defendant All Hands Instruction NFP ("**All Hands**"). The service marks of RLP Ventures and All Hands are ***MOSAEC*** and ***MOSAYEC***, respectively. In response to the complaint, on July 30, 2018, All Hand's filed a motion to dismiss / transfer, along with supporting declarations. In light of new evidentiary information provided in All Hand's motion and its supporting documentation, RLP Ventures subsequently filed, with the United States Patent and Trademark Office ("**USPTO**"), a new petition seeking the cancellation of All Hands' MOSAYEC mark. The petition to cancel was filed on September 11, 2018 (see Stanback Declaration, Exhibit A – a copy of the petition, without the exhibits).

RLP Ventures files this motion to stay and brief in support thereof in lieu of filing a response, and partially as a response, to All Hands' motion to dismiss / transfer. Accordingly, RLP Ventures respectfully reserves all rights to respond in full to the motion to dismiss / transfer pending the outcome of this Court's ruling on this motion to stay the current action.

# II. BACKGROUND

Plaintiff RLP Ventures is the owner and operator of a social media and e-commerce entity using the service mark "***MOSAEC***". The MOSAEC platform is a commerce, content, advertising and social media web environment that spotlights film,

music, art, theater, dance, literature, fashion, sports and locales. In addition, via the MOSAEC platform, RLP Ventures sells consumer goods, buys and sells advertising, and seeks funding from individuals, corporations and governments. The platform was and continues to be targeted to youth and adults seeking information to evaluate, select and plan extracurricular activities. It has also been used to advance personal, educational, and career goals and in schools for philanthropic purposes. Efforts associated with the MOSAEC platform have sought financial support from individuals and governments and, since May 2014, the provider of the MOSAEC platform has been registered with SAM.gov for federal grants.

RLP Ventures notes that it once before filed a petition to cancel All Hands' mark MOSAYEC - Cancellation No. 92062870 (the "**Prior Cancellation Proceedings**"). In the Prior Cancellation Proceedings, the Trademark Trial and Appeal Board **("TTAB")** of the USPTO ruled RLP Ventures had "demonstrated priority of its mark MOSAEC for

> 'entertainment services, namely, providing on-line reviews of entertainment, film, fine arts, museums, literature, culture, music, sports, fashion, theater, and dance; providing a website featuring entertainment information in the field(s) of entertainment, film, fine arts, museums, literature, culture, music, sports, fashion, theater, dance, and news,'

and
> the marks are substantially similar in sight, sound and commercial impression."

The TTAB went further to rule that RLP Ventures had not "demonstrated that the parties' services are related or that they will travel through similar channels of trade."

Disagreeing with the TTAB's ruling, RLP Ventures filed this action in this Court (A) alleging, among other things, federal trademark infringement and unfair competition

2

under the Lanham Act and trademark infringement and unfair competition under New York common law and (B) seeking the cancellation of the Registration. In response to the complaint filed by RLP Ventures in this Court, All Hands filed a motion to dismiss ("**Defendant's Motion to Dismiss**"). In Defendant's Motion to Dismiss, including a sworn affidavit by All Hands' CEO Jerome Green, All Hands goes to great lengths to state and attempt to convince this Court that MOSAYEC has been used only in the state of Illinois. RLP Ventures therefore files this motion to stay this proceeding before this Court pending the outcome of a newly filed cancellation proceeding - based upon legal grounds (i.e., lack of use in interstate commerce and abandonment) that differ from the basis of the Prior Cancellation Proceedings.

## III. ARGUMENT

Courts have an inherent authority to stay cases while proceedings are pending in another forum. See ***Xerox Corp. v. 3Com Corp.***, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999); ***Gould v. Control Laser Corp.***, 705 F.2d 1340, 1341 (Fed. Cir. 1983). When deciding whether to stay a case based on proceedings before the USPTO, courts generally consider the following factors:

(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;

(2) whether a stay will simplify the issues in question and trial of the case; and

(3) whether discovery is complete and whether a trial date has been set.

***Softview Computer Products Corp. v. Haworth, Inc.***, 97 CIV. 8815 KMW HBP, 2000 WL 1134471, at *2 (S.D.N.Y. Aug. 10, 2000) (quoting ***Xerox Corp.***, 69 F. Supp. 2d at

3

406); accord ***Interface, Inc. v. Tandus Flooring, Inc.***, 4:13-CV-46-WSD, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013), reconsideration denied, 2014 WL 273446 (Jan. 22, 2014) (considering those same factors in connection with a motion to stay proceedings pending IPR).

### A. Undue Prejudice and Tactical Disadvantage

RLP Ventures asserts that All Hands would not be unduly prejudiced by the granting of this motion to stay the current action pending the outcome of the newly filed cancellation proceeding before the USPTO. All Hands has gone to great lengths in its motion to dismiss / transfer to explain why it would be burdened by the continuation of this action before this Court based on jurisdictional grounds. See Defendants Motion to Dismiss at 3 - 10. While RLP Ventures continues to assert that jurisdiction is proper before this Court, it is evident that a stay in the current proceeding would not be unduly prejudicial based upon All Hands' assertions. In fact, RLP Ventures would assert that moving the heart of this dispute to the TTAB is actually the type of "transfer" that prejudices neither RLP Ventures nor All Hands. The TTAB is geographically neutral, does not require travel of witnesses, and is a venue in which the parties have already presented aspects of this matter (the TTAB is familiar with the facts).

RLP Ventures further contends that a potential decision rendered in the newly filed cancellation proceeding could negate the necessity for the continuation of this proceeding. It is within the power of the TTAB to decide that the MOSAYEC registration should be cancelled. If such a decision is made, then the issues before this Court may be reduced to likelihood of confusion and related claims. That said, the

parties may be more geared toward a settlement of this matter if infringement and related claims are the remaining issues, noting also that All Hands has not used the MOSAYEC mark in connection with the relevant services since November of 2015.

Additionally, RLP Ventures asserts that a stay of the current proceeding pending the outcome of the newly filed cancellation proceeding before the USPTO does <u>not</u> present a clear tactical disadvantage to All Hands. RLP Ventures contends that pursuing a cancellation of MOSAYEC before the USPTO would be more beneficial financially for both parties to this action, especially if All Hands' motion to dismiss / transfer were to be denied by this Court.

### B. <u>Simplifying Issues and Trial</u>

RLP Ventures contends that a decision rendered by the USPTO that is favorable to RLP Ventures (i.e., a decision to cancel the All Hands' Federal Registration), is one of the most important issues present in the current proceeding. Courts have found that such USPTO determinations can have a preclusive effect, or at minimum, be persuasive as to a potential ruling by this Court. **<u>B & B Hardware Inc. v. Hargis Industries</u>**, 135 S. Ct. 1293, 1299 ("[W]e hold that a court should give preclusive effect to TTAB decisions if the ordinary elements of issue preclusion are met."). The newly filed petition to cancel before the USPTO is based upon the grounds of fraud in the application before the USPTO and non-use of the MOSAYEC mark. The foregoing are claims RLP Ventures respectfully asserts are best and most efficiently litigated before that tribunal. RLP Ventures asserts that if the USPTO were to grant RLP Ventures' newly filed petition to cancel All Hands' MOSAYEC federal registration, it could carry significant weight in a

5

infringement and unfair competition analysis before this Court, or any other court of competent jurisdiction. In the interest of judicial economy, this Court should grant the motion to stay this action in lieu of the newly filed petition to cancel, as the resolution of that matter before the USPTO could streamline the issues before this Court or potentially absolve the necessity of this action altogether.

### C. Status of Discovery and Trial Date

RLP Ventures respectfully asserts that the timing of this motion to stay favors the granting of such motion by this Court. It is clear this action is in its infancy and no discovery has commenced nor has a trial date been set. Accordingly, RLP Ventures contends that a stay of this action at this time would be economically advantageous for both parties. In the alternative, if this Court does not grant the motion to stay, both parties may be forced to engage in discovery and other civil procedures pertaining to issues that could otherwise be resolved in a less financially burdensome manner before the USPTO.

## IV. Dismissal without Prejudice

Although RLP Ventures does not consider a dismissal without prejudice as the best course of action (it believes a stay is more appropriate at this juncture), RLP Ventures respectfully requests that this Court dismiss this action WITHOUT prejudice if this Court does not believe that it is appropriate to grant this motion to stay the current action. Accordingly, RLP Ventures also respectfully requests that this Court grant RLP Ventures leave to refile an action on the subject of this matter, if need be, following a decision on the newly filed cancellation proceeding before the USPTO.

## V. Conclusion

For the foregoing reasons RLP Ventures RLP Ventures respectfully requests that this motion to stay be granted pending the outcome of the newly filed cancellation proceeding before the USPTO.

Dated: September 12, 2018

Willard A Stanback
WILLARD ALONZO STANBACK, PC
36 West Lafayette Street, Suite 103
Trenton, NJ 08608
(855) 614-1111

Attorney for the Plaintiff
RLP Ventures, LLC