UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

RLP VENTURES LLC,

                   Plaintiff,               18 Civ. 3988

    -against-                       OPINION

ALL HANDS INSTRUCTION NFP,

                   Defendant.

------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    WILLARD ALONZO STANBACK, PC
    36 West Lafayette Street, Suite 103
    Trenton, NJ 08608
    By:  Willard A. Stanback, Esq.

    Attorneys for Defendant

    ROPES & GRAY LLP
    1211 Avenue of the Americas
    New York, NY 10036
    By:  Kevin J. Post, Esq.

**Sweet, D.J.**

The defendant All Hands Instruction NFP ("All Hands" or the "Defendant") has moved to dismiss this action pursuant to Fed. R. Civ. P. Rules 12(b)(2) and 12(b)(3), for lack of personal jurisdiction and improper venue, and to dismiss allegations of willfulness and count four of RLP Ventures LLC's ("RLP Ventures" or the "Plaintiff") Complaint and Jury Demand ("Complaint") for failure to state a claim.

RLP Ventures has moved to stay this action pending resolution of a proceeding before the Trademark Trial and Appeal Board ("TTAB") between RLP Ventures and All Hands to cancel the registration of All Hands' MOSAYEC mark.

Based on the conclusions set forth below, Defendant's motion to dismiss the action for lack of jurisdiction and venue is granted, and the motion of RLP Ventures for a stay is denied.

## Facts and Prior Proceedings

All Hands is an Illinois non-profit corporation, with a principal place of business in Chicago, Illinois. Declaration

1

of Jerome Green ("Decl.") ¶ 4. All Hands offers a web-based platform (the "MOSAYEC® platform") to assist Chicago-based schoolchildren and youth in selecting, planning, and engaging in extracurricular activities in and around Chicago. Decl. ¶ 9. "MOSAYEC®" is an acronym for Multi-Overlay and Strategic Array of Youth Extracurriculars. This phrase was conceived in 2012 by Jerome Green ("Mr. Green"), All Hands' founder, Executive Director, Director, and President. Decl. ¶ 8. Mr. Green is a full-time 3rd through 5th grade school teacher at Carter G. Woodson Elementary School in Chicago. The MOSAYEC® platform, launched on September 13, 2014, bears All Hands' registered trademark "MOSAYEC," Trademark No. 4,770,195 ("MOSAYEC®"), registered July 7, 2015. Decl. ¶¶ 7, 12; Compl., Ex. L, *1.

The MOSAYEC® website allowed children and youth to create an account by providing personal information. Decl. ¶ 14. Apart from user registration, the MOSAYEC® website was informational, describing MOSAYEC®'s mission and the MOSAYEC® platform. Decl. ¶ 15. All Hands did not sell goods or services through its website, did not host any advertisements, and did not allow for direct donations. Decl. ¶¶ 13, 15, 19. The MOSAYEC® website is not currently functional. Decl. ¶ 20. All Hands also separately maintained a Facebook page for the MOSAYEC® platform (https://www.facebook.com/mosayec). It did not

2

sell goods or services through its Facebook page and did not host any advertisements there. Decl. ¶ 23.

On December 28, 2015, RLP filed a petition to cancel the registration of the MOSAYEC® mark at the Trademark Trial and Appeals Board ("TTAB"), alleging that the mark was confusingly similar to RLP's MOSAEC mark. Compl., ¶ 30; Compl., Ex. L. *1-2. After discovery, the TTAB issued a final decision denying the cancellation petition, holding that "there is no likelihood of confusion" between the marks. Compl., Ex. L. *12-13. Following the TTAB's decision, on May 3, 2018, RLP filed the Complaint in this action.

The instant motions were heard and marked fully submitted on October 03, 2018.

**The Applicable Standard**

### Rule 12(b)(6)

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint

must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face.*'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (emphasis added). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

While "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)); Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); Williams v. Calderoni, 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a

legally cognizable right of action." <u>Twombly</u>, 550 U.S. at 555 (citation and internal quotation omitted).

### Rule 12(b)(2)

In New York, determining whether personal jurisdiction applies is a two-step inquiry. See *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). The Court must determine first if jurisdiction exists under New York's long-arm statute, and second, if the exercise of jurisdiction is consistent with federal due process. Id. In fact, "New York decisions, thus [. . .] tend to conflate the long-arm statutory and constitutional analyses by focusing on the constitutional standard: whether the defendant's conduct constitutes 'purposeful[] avail[ment]' 'of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. at 247 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

New York's Long Arm Statute, N.Y. C.P.L.R. § 302, allows a New York court to exercise personal jurisdiction over any non-domiciliary who:

(1)   transacts any business within the state or
contracts anywhere to supply goods or services in the
state; or

        (2)   commits a tortious act within the state [. . .];
or

        (3)   commits a tortious act without the state causing
injury to person or property within the state [. . .] if he

              (i)   regularly does or solicits business, or
engages in any other persistent course of conduct, or
derives substantial revenue from goods used or consumed or
services rendered in the state, or

              (ii) expects or should reasonably expect the act
to have consequences in the state and derives substantial
revenue from interstate or international commerce; or

        (4)   owns, uses or possesses any real property
situated within the state.

N.Y. C.P.L.R. § 302.


        For element (1), "New York courts define

'transact[ing] business' as purposeful activity "'by which the

defendant purposefully avails itself of the privilege of

conducting activities within the forum State....'" *Best Van*

*Lines*, 490 F.3d at 246. Furthermore, "[p]assive websites, . . .

which merely impart information without permitting a business

transaction, are generally insufficient to establish personal

jurisdiction." *Paterno v. Laser Spine Inst.*, 24 N.Y.3d 370, 377

(2014). Under element (2), the Long Arm statute "reaches only

tortious acts performed by a defendant who was physically

present in New York when he performed the wrongful act."
*Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997)
(emphasis added). Element (3) requires "[f]irst, that defendant
committed a tortious act outside the State; second, that the
cause of action arises from that act; third, that the act caused
injury to a person or property within the State; fourth, that
defendant expected or should reasonably have expected the act to
have consequences in the State; and fifth, that defendant
derived substantial revenue from interstate or international
commerce." *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214
(2000). And Element (4) requires ownership of personal property
within the State of New York.

Due process requires that the Defendant have "minimum
contacts with [the forum state] such that the maintenance of the
suit does not offend 'traditional notions of fair play and
substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310,
316 (1945). The critical question is whether "the defendant
purposefully avails itself of the privilege of conducting
activities within the forum State. . . ." *Burger King Corp. v.
Rudzewicz*, 471 U.S. 462, 475 (1985).

**Personal Jurisdiction over Defendant Has Not Been Established**

All Hands, a resident of Chicago, Illinois, has not
purposefully conducted business within the state of New York,
and has not provided goods or services within the State. It has
not advertised or solicited business here, nor derived any
revenue from goods used or consumed or services rendered in the
state. Defendant had no reasonable expectation to submit to
legal consequences within the state, and neither uses nor
possesses any real property here. All Hands' informational
website, on which no business transactions occur, is
insufficient to submit the company to suit in New York.

All Hands' principal place of business is located at
445 East 42nd Street, Chicago, IL 60653, making it indisputably
a non-domiciliary of New York. New York's personal jurisdiction
over All Hands is evaluated under N.Y. C.P.L.R. § 302(a).

Neither All Hands' passive website nor its Facebook
page constitutes "transact[ing] business" in the state of the
New York under § 302(a)(1). The record on this motion
establishes that All Hands' website, currently offline, was
purely informational, describing MOSAYEC®'s mission and how the
MOSAYEC® platform works. Decl. ¶¶ 13-15. The website sells

neither products nor services. Decl. ¶ 13. The website's minimal
interactive content allows for user registration alone. Decl.
¶ 14. The MOSAYEC® platform has had approximately 12 registered
users—all students from the Chicago and Arlington Heights, IL
areas who attended the MOSAYEC® platform's opening on September
13, 2014. Decl. ¶¶ 16-17. That someone in New York could access
the website does not confer jurisdiction—once on the site, he or
she cannot purchase any products or services through it. *Starr
v. Michael Stars, Inc.*, No. 5:12-cv-860 (NAM/ATB), 2013 WL
12291517, at *2 (N.D.N.Y. Mar. 21, 2013) ("[A]n out-of-
state . . . website accessible in New York—even one from which
internet users can purchase products to be shipped into the
state—is insufficient to confer [§] 301 jurisdiction unless the
website is 'purposefully directed towards' the state."").
Visitors cannot make donations through the MOSAYEC® website.
Decl. ¶ 15.

The MOSAYEC® Facebook page, which promotes the
MOSAYEC® platform, similarly does not constitute "transact[ing]
business" in New York. Promoting events through a website or
other social media platform (e.g., Facebook) has been held
insufficient to confer jurisdiction under §302(a)(1). *DH Servs.,
LLC v. Positive Impact, Inc.*, No. 12-cv-6153(RA), 2014 WL
496875, *4 (S.D.N.Y. Feb. 5, 2014) (finding that advertisements

for fundraising events on Facebook did not constitute "transacting business").

All Hands did run an "Indiegogo" campaign for the MOSAYEC® platform in 2014, through which it raised approximately $383 USD. Decl. ¶ 25. All of this money was donated from individuals in Illinois or, with respect to three donations, totaling $89 USD, by anonymous donors. Decl. ¶ 25. Receiving donations through a website has been held not to constitute "transacting business" under §302(a)(1). See *Best Van Lines*, 490 F.3d at 254 (2d Cir. 2007); see also *DH Servs.*, 2014 WL 496875, at *7. More, extending personal jurisdiction based on "essentially de minimis contributions made from a website accessible in any jurisdiction," would raise serious due process concerns, particularly for non-profit organizations like All Hands. *See DH Servs.*, 2014 WL 496874, at *8.

There is no personal jurisdiction over All Hands under § 302(a)(2) because no tort has been alleged to have occurred in New York state. "[I]n the case of web sites displaying [allegedly] infringing marks the tort is deemed to be committed where the web site is created and/or maintained." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 567 (S.D.N.Y. 2000); see also *DH Servs., LLC v. Positive Impact, Inc.*, No. 12 Civ.

10

6153(RA), 2014 WL 496875 (S.D.N.Y. Feb. 5, 2014). In this case, the alleged tortious action did not take place in New York, as the MOSAYEC® website was not maintained or created in the state of New York. It was created and maintained by Highgate Creative of Wheaton, Illinois. Decl. ¶ 11.

Even in the case of the alleged unfair competition, any purposeful competition by All Hands and the MOSAYEC® platform occurred in Illinois—All Hands' business is locally oriented, focusing exclusively on students in the Chicago area. In the cancellation proceeding initiated by Plaintiff at the TTAB involving the same MOSAYEC® mark, the TTAB found that Plaintiff had not been able to show that "the services [provided by RLP and All Hands] are related or that the channels of trade will overlap." There is no personal jurisdiction over All Hands under § 302(a)(2).

Plaintiff has alleged that All Hands has "caused injury to Plaintiff and its property in the State of New York." Compl., ¶6. However, All Hands does not "(i) regularly do[] or solicit[] business, or engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed or services rendered, in the state," nor does it "(ii) expect[] or should [it] reasonably expect [any] act to have

consequences in the state and derive[] substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3)(i)-(ii). Nor does Plaintiff allege as much.

Additionally, there is no showing or allegation that All Hands regularly does or solicits business in New York, or derive substantial—or any—revenue from goods or services sold, used, or consumed in New York. The MOSAYEC® website is informational, has approximately 12 registered users—all from the immediate Chicago and Arlington Heights area--and is directed to local schoolchildren and their extracurricular activities. Decl. ¶¶ 15-16. It does not sell goods nor services, nor does it advertise to or solicit business from New York. Decl. ¶¶ 13, 29.

"That individuals in New York can continuously access—and, in a limited way, interact with—Defendant's website is insufficient to establish §302(a)(3)(i) jurisdiction." *DH Servs., LLC v. Positive Impact, Inc.*, No. 12 Civ. 6153(RA), 2014 WL 496875 (S.D.N.Y. Feb. 5, 2014) "[T]he mere fact that [plaintiffs'] website, which invites only limited interactive content, is continuously accessible to New York residents does not establish the sort of persistent course of conduct in the state fairly to require [plaintiffs] to answer in New York for

their out-of-state actions in maintaining the website." Girl Scouts of *U.S. v. Steir*, 102 Fed. App'x 217, 220 (2d Cir. 2004). Operation of the passive MOSAYEC® platform does not confer jurisdiction under 302(a)(3)(i).

In addition, All Hands does not generate any revenue in or from New York. Decl. ¶ 26; see *DH Servs., LLC*, 2014 WL 496875, at *12 (finding no substantial revenue when 2% of Defendant's donations and funding came from New-York based entities). To date, All Hands has generated approximately $3500 in total. Decl. ¶ 27. None of that revenue was generated in New York or from New York residents. Decl. ¶ 27. All Hands is therefore not subject to personal jurisdiction under §302(a)(3)(i).

And because All Hands could not reasonably expect its local activities in Chicago to have consequences in New York, it is thus not subject to personal jurisdiction under §302(a)(3)(ii).

"[F]oreseeability must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market." *Schaadt v. T.W. Kutter, Inc.*, 564 N.Y.S.2d 865, 866 (N.Y. App.

Div. 1991). With the possible exception of approximately $89

dollars donated anonymously through an Indiegogo campaign, none

of the funds it has received have been from New York residents.

Decl. ¶¶ 25, 27. "Defendant's use of the [allegedly infringing]

mark on its website cannot sustain personal jurisdiction,

because Plaintiff has not shown that Defendant expected, or

could reasonably have expected, consequences in New York." *DH

Servs.*, 2014 WL 496875, at *14. No All Hands' business or

operations have been alleged to indicate that All Hands could

reasonably expect to submit to consequences for its activities

in New York.

Personal jurisdiction, pursuant to CLPR 302(a)(3)(ii),

requires evidence that defendants 'derive[] substantial revenue

from interstate or international commerce.'" *SunLight

Gen.Capital LLC v. CJS Invs. Inc.*, 981 N.Y.S.2d 390, 391 (N.Y.

App. Div. 2014). No evidence has been submitted that All Hands

derives any revenue from interstate or international commerce

and it has not. Decl. ¶ 27.

All Hands does not own or use any real property in New

York State. Decl. ¶ 30. There is, therefore, no personal

jurisdiction over All Hands under N.Y. C.P.L.R. § 302(a)(4).

Despite RLP's unsupported statements in its Complaint
(¶6), All Hands has no contacts and directs no activity to the
state of New York. It neither advertises nor solicits business
in New York. Decl. ¶ 28. As a small Illinois nonprofit focused
on the extracurricular activities of local Chicago-area
children, none of All Hands' activities occur in or are directed
toward New York. Decl. ¶ 29. The only registered users of the
MOSAYEC® website are local Chicago area individuals. Decl. ¶ 17.
All Hands' funding has come from local contributions or travel
stipends unrelated to New York. Decl. ¶ 27. All but one of All
Hands' board members are from Illinois and, in the context of
All Hands and the MOSAYEC® platform, neither Mr. Green nor
anyone associated with the MOSAYEC® platform has ever "traveled
to, conducted activities within, contacted anyone in, or sent
anything or anyone to [New York]. Decl. ¶¶ 31, 35-36. All Hands
has not viewed through the proper lens whether the defendant's
formed jurisdictionally relevant contacts with [New York.]"
*Walden v. Fiore*, 571 U.S. 277, 289 (2014). Even taken as true on
a motion to dismiss, "mere injury to a forum resident is not a
sufficient connection to the forum." Id. at 278.

For sufficient contacts, All Hands must target New
York specifically, and not simply the United States as a whole,

as the website arguably does. See *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011).

Personal jurisdiction of All Hands is New York State has not been adequately alleged or established.

## Venue Has Not Been Established

Venue is proper under 28 U.S.C. § 1391(b) if (1) the defendant resides in the district, (2) "a substantial part of the events or omissions giving rise to the claim occurred" within the district, or (3) there is no other proper district and the defendant is subject to the court's personal jurisdiction. If venue is improper, the court must dismiss the case or transfer it to a district in which venue is proper. 28 U.S.C. § 1406(a).

The Complaint fails to establish that a "substantial part of the events or omissions giving rise to the claim" occurred within the Southern District of New York. See 28 U.S.C. § 1391(b)(2). Venue requires that "significant events or omissions material to the plaintiff's claim must have occurred in the district." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). The burden is on the plaintiff to establish

proper venue. Id. at 355. For trademark infringement actions,
the plaintiff must show "either substantial sales of the
infringing product in the district or intentional targeting of
the infringing product into the district." *Detroit Coffee Co.,
LLC v. Soup for You, LLC*, No. 16-cv-9875 (JPO), 2018 WL 941747,
at *2 (S.D.N.Y. Feb. 16, 2018); see also *D'Anton Jos, S.L. v.
Doll Factory, Inc.*, 937 F. Supp. 320, 321-22 (S.D.N.Y. 1996).

Plaintiff has not alleged facts to establish that
venue is proper in this District, alleging only that "Defendant
has advertised and solicited business in the State of New York
and this District through its website and promotional activities
bearing the infringing mark." Compl. ¶ 6. This fails to
establish a prima facie case for proper venue, as there is no
allegation of any sales in the District at all, nor any
allegation that the District was intentionally targeted. The
mere conclusory allegation that All Hands "advertises and
solicits business" through a "website" and unnamed "promotional
activities" has been held to be insufficient to establish a
material act or omission in the District. See *Sage Realty Corp.
v. Barnhart Interests, Ltd.*, No. 02 Civ-0725(LAK), 2002 WL
603035, at *2 (S.D.N.Y. Apr. 18, 2002) (finding that the
plaintiff had failed to allege facts sufficient to support venue
in a trademark infringement case where the only allegation was

17

"using the Internet to post information about and the locations of their businesses.").

No activity giving rise to Plaintiff's claims have been alleged to have occurred in this District, no "substantial sales" in this District, or any services in this District. Decl. ¶¶ 13, 23, 26.

All Hands has no users who are residents of this District, has not contracted with any resident of this District, has not sent any physical promotional materials to this District or generated revenue in this District. Plaintiff has not alleged otherwise. See Compl. ¶¶ 28-29. A New York resident can only come into contact with All Hands' mark through its website or Facebook page. And "[c]reating a website, like placing a product in to the stream of commerce, may be felt nationwide—or even worldwide—but, without more, it is not an act purposefully directed toward the forum state." *Metro. Opera Ass'n, Inc. v. Naxos of Am., Inc.*, No. 98 Civ. 7858(DAB), 2000 WL 987265, at *4 (S.D.N.Y. July 18, 2000); see also Detroit Coffee Co., 2018 WL 941747, at *4 ("[A] website alone does not automatically demonstrate product targeting to every judicial venue."). All Hands' website was designed in Wheaton, Illinois and hosted on servers in Los Angeles, California. Decl. ¶ 11; see *Citigroup*

*Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 567 (S.D.N.Y.
2000) (trademark infringement is committed where the website is
created or maintained). All Hands' creation of its Facebook
page—a website controlled and maintained by a third-party—
occurred in Illinois, does not constitute intentional targeting
of New York. See *Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 517
(E.D.N.Y. 2011) (noting that advertisements, and even sales, on
third-party websites do not usually constitute purposeful
conduct).

As discussed above, All Hands' website offers no way
for residents in this District to interact with it. Its website
and Facebook page merely provide information about its mission
and programs for Chicago-area students, the type of "passive
Internet activity" that Sage Realty and Metropolitan Opera found
to be insufficient to establish venue. See *Sage Realty*, 2002 WL
603035, at *2 (venue improper when website "post[ed] information
about and the locations of their businesses"); *Metro. Opera*,
2000 WL 987264, at *2 (venue improper when site was "an
information and promotional web page that contain[ed] an order
form only to assist prospective consumers"). For venue, even
evidence that New York residents interacted with a website is
insufficient to establish venue absent evidence of intentional
targeting to the District. See Detroit Coffee, 2018 WL 941747,

at *4 (finding venue improper where Defendants' website allowed users to order coffee in any state, including New York, but did not directly target the Southern District of New York). While All Hands' Indiegogo page promoted its Chicago-based community activities, it received no donations from New York (with the possible exception of $89 received anonymously). Id. ¶ 25.

Because All Hands does not use the mark in or target this District, Plaintiff cannot allege facts sufficient to establish that a "substantial part of the events or omissions giving rise to the claim" occurred within the District. See 28 U.S.C. § 1391(b)(2). Venue in this District is lacking and the All Hands' motion to dismiss for lack of venue is granted.

## The Motion to Stay this Action is Denied

On December 28, 2015, RLP Ventures filed a petition to cancel the MOSAYEC Registration. On March 5, 2018, the TTAN denied Plaintiff's petition for cancellation on its merits, finding that there was no likelihood of confusion between Plaintiff's and All Hands' respective marks for their respective services.

A motion to stay a federal court action pending a TTAB proceeding is properly denied when claims concerning the infringement of that mark are at issue in the district court. *Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 853 (2d Cir. 1988), "[W]here, as in the pending case, a district court suit concerns infringement, the interest in prompt adjudication far outweighs the value of having the view of the PTO....[A litigant] is entitled to have the infringement issue resolved promptly so that it may conduct is business affairs in accordance with the court's determination of its rights."

The motion to stay is therefore denied.

## Conclusion

The RLP Ventures motion to stay the action is denied and the All Hands motion to dismiss the action for lack of jurisdiction and venue is granted.

It is so ordered.

**New York, NY**
**March 21, 2019**

ROBERT W. SWEET
U.S.D.J.